CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2012

JULIA C. ___, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERWIN KENDALL HANNAH, ) | Civil Action No. 7:12cv00320 |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| FRANK E. MARDAVICH et al., ) | |
| ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Derwin Hannah, a Virginia inmate proceeding *pro se*, has filed this action pursuant to 42 U.S.C. § 1983 against six defendants, all of whom appear to be employees of the Danville Adult Detention Center, claiming indeterminate constitutional violations and seeking damages and injunctive relief. Because Hannah has not pled facts in support of his claims, the court will dismiss Hannah's complaint without prejudice to refiling.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). However, the familiar rules of pleading are greatly relaxed for *pro se* plaintiffs, and litigants with meritorious claims should not be stymied by technical requirements. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277–78 (4th Cir. 1985). Still, the relaxation of the rules is not without limits. A court must, at minimum, be able to discern from the complaint the parties being sued and the alleged conduct on which each claim rests. Though relaxed, the standard still demands general coherence, and it does not require courts "to conjure up questions never squarely presented to them." Id. at 1278. District courts are required to review prisoner complaints for compliance with the basic rules of pleading, and in

doing so, the court must either "identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

Here, Hannah has filed a complaint divided into three claims: (1) that an unspecified defendant took his personal property, (2) that he "received a charge for a razor which was sold out of canteen, and that could [a]ffect [his] release date," and (3) that an unspecified defendant harassed him, causing him mental anguish and emotional stress. (Compl. 2, ECF No. 1.) The complaint does not elaborate as to how or when any harassment occurred, the circumstances surrounding his disciplinary charge, what property the defendants took and under what factual circumstances they took it, which defendants participated in which courses of conduct, or what specific rights the defendants have violated. The court is therefore unable to reliably discern any particular constitutional violation from the complaint or to determine whether any viable claims lie against any individual defendants. While the pleading rules do not impose an exacting standard on Hannah, and while the court is in fact solicitous of his claims and will liberally construe any pleading that he files in the future, he must offer some foothold on which the defendants can base an answer or on which the court can base a decision.[1] Accordingly, the court will dismiss Hannah's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**ENTER**: July 19, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Hannah has filed a short letter in which he states that he has unsuccessfully requested the defendants' full names from the director of the Danville Adult Detention Center. The court is not dismissing Hannah's complaint for failing to provide the defendants' full names.